that he and his assistant performed this work. The particular entry here involved was amended by his assistant. The witness stated that he explained to said assistant exactly what the appraiser's figures were and instructed him to follow them in making the amendments. These instructions were not carried out, in that the assistant transposed the values of the movements and cases in amending the entry here involved.

As has been held in numerous cases, the essence of clerical error is intention. *United States* v. *Wyman & Co.*, 4 Ct. Cust. Appls. 264, T. D. 33485; and *J. J. McQuillan* v. *United States*, 18 C. C. P. A. (Customs) 215, T. D. 44401. The evidence in the case before us establishes that the person in charge of amending the entry instructed someone under his supervision to amend this entry in accordance with the figures given by the customs officials. Why the figures for the movements and cases were transposed by the one who actually made up the worksheet here involved has not been shown, for the reason that the person who performed the work was not present at the trial and did not testify. The court, therefore, is without knowledge as to his intention. The testimony of his superior indicated that there were a large number of entries involved in these amendments. Whatever the circumstances, the mistake was made by a person whose testimony was not offered or received in evidence.

Even were we to conclude that the evidence was sufficient to prove clerical error, as defined by the courts, the power of the court to order a reliquidation in a protest case, for error in the entered value, is limited to cases where the final appraised value is the same or less than the entered value would be if corrected. *Bernard* v. *United States*, 52 Treas. Dec. 504, T. D. 42525; *S. M. Levor & Co.* v. *United States*, 54 Treas. Dec. 693, Abstract 7361; *C. J. Tower* v. *United States*, 55 Treas. Dec. 1110, Abstract 8470; *J. J. McQuillan* v. *United States, supra*; and *Decorative Plant Co.* v. *United States*, 59 Treas. Dec. 1543, Abstract 15078. The final appraised value of the watchcases in suit, which is the unit appraised value, is Swiss francs 20.35, which is higher than the entered value would be if corrected to meet the plaintiff's figures, viz, Swiss francs 12.95.

We have examined the cases cited in plaintiff's brief, in which relief was granted by the court in cases of clerical error, and find that they have no application in the instant case. In the cited cases, correction was made by the court in errors involving quantity, which did not affect the unit appraised values, or the court corrected a clerical error in the statement of a discount on the entry, where it appeared that the actual calculations had been properly made on the correct basis both on the entry and in the appraisement. In the latter instance, the correction of the clerical error in the entry did not affect either the unit entered value or the unit appraised value, as actually calculated on the entry, and the court was able to afford relief. The relief sought in the instant case would require the court to alter the appraised value in a protest proceeding after the appraisement had become final by the terms of the statute.

For the reasons above set forth and under the decisions cited, plaintiff's claim for reliquidation at less than the final appraised value is overruled.

Judgment will be rendered accordingly.

**No. 58531.**—Browne Vintners Co., Inc., et al. *v.* United States, protests 153170–K, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in

*United States* v. *R. C. Williams & Co., Inc.* (40 C. C. P. A. 130, C. A. D. 508) and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained.

**No. 58532.**—International Distributors et al. *v.* United States, protests 175149–K, etc. (New York).

Opinion by JOHNSON, J.  In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C. C. P. A. 130, C. A. D. 508) and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained.

**No. 58533.**—Browne Vintners Co., Inc. *v.* United States, protests 200234–K, etc. (New York).

Opinion by JOHNSON, J.  In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C. C. P. A. 130, C. A. D. 508) and *Austin Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiff was sustained.

**No. 58534.**—R. U. Delapenha & Co., Inc., et al. *v.* United States, protests 207359–K, etc. (New York).

Opinion by JOHNSON, J.  In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C. C. P. A. 130, C. A. D. 508) and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained.

**No. 58535.**—Jos. H. Reinfeld, Inc., and Somerset Importers, Ltd., et al. *v.* United States, protests 207543–K, etc. (New York).

Opinion by JOHNSON, J.  In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C. C. P. A. 130, C. A. D. 508) and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained.